**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

KRISTY DOBBS,

                              Plaintiff,

      v.                                               1:20-CV-0627
                                                          (GLS/CFH)

CITIZENS BANK,

                              Defendant.
_____

**APPEARANCES:**

Kristy Dobbs
26 Lawn Avenue
Albany, NY 12204
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

      Plaintiff pro se Kristy Dobbs commenced this action on June 5, 2020 against defendant Citizens Bank. See Dkt. No. 1. In lieu of paying the filing fee, plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 2. After reviewing plaintiff's IFP application, see id., the Court finds that she may properly proceed in this matter IFP.[1] The undersigned must now assess plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

### II. Initial Review

---

[1] Plaintiff is reminded that, although she has been granted leave to proceed IFP in this action, she will still be required to pay any associated fees that she incurs in this action, including copying and/or witness fees.

1

## A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As a result, it is the responsibility of the district court to determine whether a plaintiff may properly maintain his or her complaint before permitting him or her to proceed with the action.

To state a claim on which relief can be granted, a complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8 (a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

>   (1)  a short and plain statement of the grounds for the court's jurisdiction . . .;
>   (2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and
>   (3)  a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

In addition, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set

2

> of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed.  See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the

3

plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## B. Procedural History and Complaint

This is the second of at least two lawsuits commenced by plaintiff and which appears to arise of the same set of transactions.  See Dkt. No. 1; see also Dobbs v. Citizens Bank, et al., 1:10-CV-1487 (filed 12/9/2010) ("Dobbs I").  In order to provide context for the present action, the prior action is recounted only for background purposes.  Dobbs I was not considered in the undersigned's initial review.

### 1. Dobbs I

Plaintiff commenced Dobbs I in this Court on December 9, 2010.  In that matter, plaintiff alleged that "[o]n September 4, 2007, someone withdrew 17,000 dollars out of [a bank] account" at Citizens Bank with a forged check.  See Dobbs I, Dkt. No. 1, at 2-3 (errors in original).  According to plaintiff, although she complained about the fraudulent withdrawal, Citizens Bank was unable to assist her in recouping the money.  See id. at 2-4.

On December 21, 2010, U.S. Magistrate Judge Randolph F. Treece issued a Report-Recommendation and Order in which he granted plaintiff leave to proceed IFP, but recommended that the action be dismissed without prejudice pursuant to 28 U.S.C. §1 915(e)(2)(B)(ii) due to plaintiff's failure to state a claim upon which relief could be granted.  See Dobbs I, Dkt. No. 5.  By Order dated January 6, 2011, the Report-Recommendation and Order of Judge Treece was adopted by Senior District Judge Lawrence E. Kahn in its entirety.  See Dobbs I, Dkt. No. 6.  A judgment, memorializing the Order, was entered the same day.  See Dobbs I, Dkt. No. 7.

On January 7, 2011, the Report-Recommendation and Order of Judge Treece—which was sent to plaintiff at 7 Saint Joseph Terrace, Basement, Albany, NY 12210—was returned to the Court as "unclaimed."  See Dobbs I, Dkt. No. 8.  Thereafter, on January 25, 2011, the judgement was also returned the Court as "unclaimed."  See Dobbs I, Dkt. No. 8.  No further action was taken in connection with Dobbs I.

## 2. **Dobbs II**

Plaintiff commenced the present action with the Court on June 5, 2020.  See Dkt. No. 1.  In the complaint, which was drafted utilizing a form used for matters arising under 42 U.S.C. § 1983, plaintiff alleges that someone fraudulently withdrew $17,000 from her bank account at Citizens Bank.  See id. at 2.  Although she complained about the withdrawal to Citizens Bank, "no action was taken." Id. at 3.

In the prayer for relief, plaintiff states, "I never received my mail back in 2011.  I was living on [St.] Joseph's St.  I would like to get my money back." Id. at 4.  Plaintiff

5

does not otherwise detail when the conduct that she complains of occurred.  See id. at 1-4.

### C. Sufficiency of Plaintiff's Complaint

Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) ); see 42 U.S.C. § 1983.  "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).

In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.' "  Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980)); see Sykes v. Bank of America, 723 F.3d 399, 405-06 (2d Cir. 2013) ("To state a claim under 42 U.S.C. § 1983, the plaintiff must show that a defendant, acting under color of state law, deprived him of a federal constitutional or statutory right.").  State action is an essential element of any section 1983 claim.  See Velaire v. City of Schenectady, 862 F. Supp. 774, 776 (N.D.N.Y. 1994).  As a result, in order to survive scrutiny under section 1915(e), where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants.  See

DeMatteis v. Eastman Kodak Co., 511 F.2d 306, 311 (2d Cir. 1975), modified on other grounds by 520 F.2d 409 (2d Cir. 1975).

Here, plaintiff alleges that some unknown person was erroneously permitted to withdraw $17,000 from her bank account that was held at Citizens Bank.  See Dkt. No. 1.  Plaintiff has failed to allege any facts that could plausibly suggest state action on the part of Citizens Bank.  See id.  It appears that Citizens Bank is a purely private actor.  See Cranley v. Nat'l Life Ins. Co. of Vt., 318 F.3d 105, 111 (2d Cir. 2003) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action " (internal quotation marks omitted)).  In addition, plaintiff's complaint is wholly devoid of any allegations concerning the deprivation of any constitutional right as is required to state a plausible section 1983 claim.  In the absence of any allegations that would plausibly suggest state action on the part of defendant Citizens Bank—or any allegations concerning the deprivation of any of her constitutional rights—plaintiff's section 1983 claim is not plausible and does not establish this Court's federal subject matter jurisdiction.  Therefore, I recommend that plaintiff's 42 U.S.C. § 1983 claims against them be dismissed.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion for leave to proceed IFP (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED** without prejudice; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules; and it is

**ORDERED** that the Clerk of the Court re-serve a copy of the Report-Recommendation and Order (Dkt. No. 5), Order (Dkt. No. 6), and Judgement (Dkt. No. 7) in Dobbs v. Citizens Bank, et al., 1:10-CV-01487 (filed 12/9/2010) upon plaintiff at the address reflected in this action (26 Lawn Avenue, Albany, NY 12204).

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).[2]

Dated: September  18th , 2020
    Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[2]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).